## Orlen W. Sisson, Defendant in Error, v. Mrs. L. Havens, Plaintiff in Error.

## Gen. No. 18,671.

LANDLORD AND TENANT, § 279*—*what constitutes a disturbance of possession excusing nonpayment of rent.* In an action by the owner of premises to recover accrued rent of an apartment occupied by defendant, the evidence showed that the rear apartment on the second floor of a building was leased to defendant, the front apartment being subsequently leased- to another tenant; that both apartments opened on a common hall, which provided the only means of access to a stairway leading to the street; that prior to the period period for which the rent was claimed the occupant of the front ment closed and fastened the door leading from the hall to defendant's apartment, and that the only response of the owner to defendant's complaint was that she might pass through his store on the first floor. *Held* that defendant, as an incident to the demised estate, possessed the right to the use of the hall and stairway in question; that the act of the tenant of the front apartment was auhorized by the owner, and constituted a substantial interference with defendant's beneficial enjoyment of the premises, precluding the recovery of rent during its continuance.

Error to the Municipal Court of Chicago; the Hon. HARRY P. DOLAN, Judge, presiding. Heard in this court at the October term, 1912. Reversed with finding of facts. Opinion filed March 9, 1914.

---

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

ROST & SMITH, for plaintiff in error; ANDREW ROST, JR. and WILLIAM W. SMITH, of counsel.

A. F. W. SIEBEL, for defendant in error.

MR. PRESIDING JUSTICE BAKER delivered the opinion of the court.

Plaintiff Sisson, by written lease, leased to defendant, Mrs. Havens, the suite of four rooms on the second floor of the building known as 3563 Colorado avenue, Chicago, with appurtenances, as a dwelling from May 1, 1910, to May 1, 1911, and by renewal the lease was extended to cover the year ending May 1, 1912. There was an apartment of three rooms and a hall between the rooms demised to defendant and the front of the building on Colorado avenue. A stairway led from Colorado avenue to a hall on the second floor of the building and from this hall a door opened into the rooms demised to defendant, and another door opened into the front apartment. Defendant up to about the first of November, 1911, in going to and from her rooms passed through the door into the hall and thence along the hall to the front stairway leading to Colorado avenue, and her only means of access to the stairway was through the hall. About the first of November, 1911, Burke, the tenant in possession of the front apartment and hall, closed and fastened the door leading to the apartment of defendant. This suit was brought to recover rent for December, 1911, and the three following months, which defendant refused to pay on the ground that the closing of the door leading from her rooms to the hall and depriving her of the use of the door, hall and stairway leading to Colorado avenue constituted an eviction and suspended her obligation to pay rent. The door was opened in April and she paid her rent for that month. The court found against the contention of the defendant and rendered judgment against her for eighty dollars, the amount of the rent for the months of December, 1911, and January, February and

March, 1912, and defendant has sued out this writ of error.

We think that on the evidence in the record the defendant had, as an incident to the estate demised to her, the right to use the door leading from her apartment to the hall, the hall and stairway as means of access to her part of the building; that Burke had also the right to use the hall and stairway as a means of access to his part of the building, but not an exclusive right to such use. We also think that on the evidence the plaintiff was responsible for the act of Burke in fastening the door and excluding defendant from access to the hall and stairway. The only suggestion that plaintiff made when she complained to him that she was deprived of the use of the stairway and hall was that she might go through his store on the first floor. The plaintiff leased the front flat, including the hall, after he had leased the rear flat to the defendant, and the tenant to whom plaintiff leased the front flat sublet the same to Burke. The act of Burke in excluding the defendant from passing through the hall leased to him was therefore an act authorized by the landlord.

The evidence in the record shows an act of a permanent character done by authority of the landlord against the objection of the tenant which was a substantial interference with the defendant's beneficial enjoyment of the premises. According to a long list of authorities such an eviction precluded the recovery of rent accruing subsequent to the eviction and while it continued.

The judgment of the Municipal Court will be reversed.

*Reversed with finding of facts.*

FINDING OF FACTS. The court in this case finds as facts that the rent, to recover which this action was brought, accrued after there had been a substantial interference by authority of the plaintiff with the bene-

ficial enjoyment of the premises leased by plaintiff to defendant which constituted an eviction, and accrued while such eviction continued.